SMITH et al. (LOEFFLER, Garnishee) v. SHAPIRO.

No. 5314.

Court of Appeals of District of Columbia.

Argued Feb. 3, 1932.

Decided Feb. 29, 1932.

Rehearing Denied March 19, 1932.

W. Gwynn Gardiner and Francis L. Neubeck, both of Washington, D. C., for plaintiffs in error.

Leslie C. Garnett and Karl Kindleberger, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case is here on a writ of error to review a judgment entered against a garnishee following the levy of an attachment issued upon a judgment in the municipal court.

The record discloses that on May 8, 1930, the Central Armature Works (Inc.), hereinafter called the armature corporation, recovered a judgment against Joseph E. Smith in the sum of $361.26, by consideration of the municipal court of the District of Columbia, and on the following day a writ of attachment and garnishment was issued upon the judgment, and a copy of the writ was regularly served upon William Loeffler, now plaintiff in error. The writ directed the attachment of the goods, chattels, and credits of the judgment debtor of a value sufficient to satisfy the foregoing recovery.

At the time when he was served with a copy of the attachment, Loeffler was indebted to the judgment debtor Smith upon a promissory note signed by Loeffler and made payable to Smith in the sum of $1,200, falling due on May 20, 1930. On the latter date, the note having become due, Smith presented it to Loeffler and demanded payment thereof, and the latter unmindful of the garnishment, and in ignorance of his rights and duty under the circumstances, paid the note by giving Smith a check for $200, and executing and delivering to him a negotiable renewal note for $1,000. Afterwards on the same day Loeffler learned of his mistake in so doing and stopped payment of the check, but was unable to recover the renewal note; it being already disposed of by Smith.

Loeffler upon the advice of counsel immediately satisfied the claim of the attaching creditor, without waiting for judgment to be entered against him as garnishee.

On May 23, 1930, several days after this settlement, and when Loeffler was no longer indebted to Smith in any amount, another writ of attachment was issued against Smith and served upon Loeffler upon a judgment of the municipal court in favor of Maurice C. Shapiro, the defendant in error. This is the attachment involved in the instant case. Loeffler thereupon filed an answer to the writ setting out the facts and circumstances above recited, and denying any indebtedness to Smith at the time when the writ was served upon him or since. He also denied that he had any knowledge of Shapiro's claim against Smith at the time when he paid the judgment of the armature corporation involved in the preceding garnishment.

Upon these facts the municipal court on July 21, 1930, ruled that when the armature corporation caused its attachment and garnishment to be served upon Loeffler, the latter became bound by law to retain possession of all sums then owing by him to Smith, regardless of amount, until the time when the court should enter judgment against him as garnishee under the statute; and that inasmuch as such judgment had not been entered against Loeffler prior to the levy of Shapiro's writ of garnishment upon him, he was not discharged as garnishee, but was to be considered as still holding the credits attached under the former writ, and as bound to answer therefor under the latter writ. The court accordingly entered judgment against Loeffler as garnishee for the full amount of Shapiro's judgment, with interest and costs.

In our opinion this judgment was erroneous.

The writ of attachment and garnishment issued upon a judgment as provided by chapter 26 of the D. C. Code (section 1074 et seq. [D. C. Code 1929, T. 24, § 271 et seq.]) is ancillary to the judgment creditor's right to a writ of execution at law against the property of the judgment debtor. It is caused to be issued by the creditor in his own interest, for the collection of the amount awarded to him by the judgment, and is not intended as a means of impounding the debtor's assets for the benefit of his creditors generally. In the present case therefore Loeffler as garnishee was bound to hold the credits in his hands for the protection and payment of the judgment of the armature corporation, but he owed no duty to Shapiro in respect to his judgment. Shapiro also could have secured a quasi lien upon the credits while in Loeffler's hands, by means of a seasonable attachment and garnishment, but Loeffler in good faith had parted with the credits before he was served with such a writ at the instance of Shapiro. He was entitled therefore to deny the possession of such assets when answering to Shapiro's writ.

The judgment rendered against Loeffler for the amount of Shapiro's judgment was erroneous, it is reversed with costs, and the cause is remanded.